BLD-003                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3322
_____

MICHAEL RAY TURNEY,
                                        Appellant

v.

ATTORNEY GENERAL FOR THE UNITED STATES OF AMERICA, ex rel.
SECRETARY OF LABOR
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00113)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2012
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Filed: October 22, 2012 )
_____

OPINION OF THE COURT
_____

PER CURIAM

        Michael Turney, proceeding pro se and in forma pauperis, appeals the District

Court's dismissal of his complaint.  Because this appeal presents no substantial question,

we will summarily affirm the order of the District Court.

I.

Turney was an employee of the Department of Energy and suffered two work-related injuries in 1993 and in 1995. Turney thereafter received benefits from the Department of Labor's Office of Workers' Compensation Programs ("OWCP"). In March 2003, Turney pled guilty to a felony and is currently incarcerated at Federal Correctional Institute Loretto ("FCI Loretto"). Following Turney's incarceration, the OWCP suspended benefit payments to Turney pursuant to 5 U.S.C. § 8148(b)(1), which prohibits persons convicted of felonies from collecting compensation benefits while incarcerated.

In May 2011, Turney initiated the underlying action in the United States District Court for the Western District of Pennsylvania. Turney styled his complaint as an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1977), and named as a defendant "Attorney General Eric Holder for the Secretary of Labor for the OWCP." Turney individually served U.S. Attorney General Holder and Secretary of Labor Hilda Solis with notice of process.[1]

---

[1] It was unclear which parties were properly defendants in Turney's complaint. Attorney General Holder responded to the complaint and primarily addressed claims made against the Bureau of Prisons, although the response did briefly address claims made against the Department of Labor. However, in his reply Turney stated that the Department of Labor "is the actual defendant not the Bureau of Prisons," and "[t]his complaint is not against the B.O.P." Nevertheless, Turney's reply contained allegations against officials at FCI Loretto acting "[t]hrough the attorney general." Consequently, construing Turney's complaint liberally and affording him the allowances due a pro se litigant, we will address, to the extent they are made, any claims raised against Attorney General Holder through his control and regulation of the Bureau of Prisons and claims raised against Secretary Solis through her control and regulation of the OWCP. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Construed liberally, see United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (citing Haines v. Kishner, 404 U.S. 519, 520 (1972), the complaint alleged that Attorney General Holder, through his control and regulation of the Bureau of Prisons ("BOP"), violated Turney's Eighth Amendment rights by depriving him of medical services and necessary hygiene products, thereby subjecting him to "unwanton vindictive pain and suffering" through "deliberate indifference." Turney contended that policies at FCI Loretto deprived him of necessary medical and psychiatric services because he was charged a $2.00 co-pay for appointments and was required to purchase "life necessities" and hygiene products, none of which he could readily afford. Additionally, Turney contended that his request for a consultation with a community psychiatrist was denied. Turney also stated that his treatment at FCI Loretto was retaliation from Attorney General Holder due to prior litigation against the Department of Justice, including Federal Employee Compensation Act claims and a whistleblower's case.

Turney contended that the OWCP's failure to reimburse him for his medical expenses was cruel and unusual punishment in violation of the Eighth Amendment. Turney complained that FCI Loretto officials required him to pay for medical treatment for chronic symptoms related to injuries he sustained as a federal employee, injuries his workers' compensation benefits should have covered. The complaint asserted that the OWCP's failure to verify that the BOP provided sufficient free care for Turney and to provide benefits so that he could purchase necessary care that was not freely provided violated his Eighth Amendment rights.

Attorney General Holder filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). He argued that the complaint should be dismissed because Turney failed to exhaust his administrative remedies against the BOP; failed to show Attorney General Holder was personally responsible for any of the alleged conduct; and, to the extent that the complaint challenged the OWCP's suspension of Turney's benefits, the District Court lacked jurisdiction to review the suspension. Turney's reply contained further allegations against the BOP, namely, that he received inadequate emergency care resulting in a deformed finger and that Attorney General Holder, via a "special administrative measure," restricted Turney's medical care to "in house treatment only."

The Magistrate Judge treated the complaint as "a straightforward mandamus action against the Secretary of Labor"; noted that the suspension of Turney's benefits was done pursuant to constitutional legislation, 5 U.S.C. § 8148(b)(1); and recommended that the complaint be dismissed. The District Court did so over Turney's objections, and Turney now appeals.

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 121 n.1 (3d Cir. 2001). Our review of the District Court's grant of the motion to dismiss is de novo. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). In order to survive dismissal a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a

4

defendant has acted unlawfully." Ashcroft v.Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

A. Bivens Action Against Attorney General Holder

A Bivens claim cannot rely on the theory of respondeat superior; that is, in a Bivens action "masters do not answer for the torts of their servants." Iqbal, 556 U.S. at 675-77 (internal quotation marks omitted). A party may establish liability for deprivation of a constitutional right only through a showing of personal involvement by each defendant. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement may be shown through personal direction, actual participation in the alleged misconduct, or knowledge of and acquiescence in the alleged misconduct. Id.

In this case, insofar as Turney named Attorney General Holder as a defendant, he did not allege that Attorney General Holder was personally involved in the alleged denials of medical care and hygiene products. Although Turney made broad allegations that the treatment he described was retaliation from Attorney General Holder due to Turney's previous litigation against the Department of Justice, we need not accept these general assertions as true. See Iqbal, 556 U.S. at 678 (stating that in a pleading bare assertions, unsupported by facts, are insufficient). We look to the factual allegations Turney presented in support of his legal conclusions. See id. at 679. On review, we

5

conclude that his allegations against Attorney General Holder, lacking in specificity, are not plausible. Even construing Turney's pleadings liberally, as we must, they do not allow us to infer more than the mere possibility of misconduct, which does not indicate that he is entitled to relief. See id. Simply, the facts pled are consistent with Attorney General Holder directing Turney's treatment and care, but are compatible with, and more likely explained by, the local officials at FCI Loretto directing Turney's treatment and care.[2] See id. at 680. Without evidence of personal involvement or knowledge of Turney's treatment, the claim against Attorney General Holder cannot survive.

B. Bivens Action Against Secretary Solis

Turney's allegations against Secretary Solis likewise fail because they rely on respondeat superior. Id. at 675-77. As with his claim against Attorney General Holder, Turney must show that Secretary Solis had personal involvement in the alleged misconduct. Rode, 845 F.2d at 1207. Turney did not allege that Secretary Solis was personally involved in or had knowledge of the suspension of his workers' compensation benefits. Without evidence of personal involvement or knowledge of the denied requests, Turney's claims against Secretary Solis fail.

---

[2] To the extent that Turney's complaint is actually seeking relief from FCI Loretto officials or the BOP, the District Court did not err in declining Turney leave to amend his complaint. Any amendment that named the proper parties would be futile because Attorney General Holder pled, and Turney conceded, that Turney did not exhaust his administrative remedies against FCI Loretto officials and the BOP. See Jones v. Bock, 549 U.S. 199, 211 (2007) (noting that under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), exhaustion is mandatory and unexhausted claims cannot be brought in court).

IV.

Although we are not convinced that Turney's filing was a petition for a writ of mandamus, to the extent that Turney sought a writ of mandamus ordering Secretary Solis to reinstate his workers' compensation benefits, we agree with the District Court that one was unwarranted. Mandamus is a drastic remedy available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 373, 378 (3d. Cir. 2005). A plaintiff seeking a writ of mandamus must show that he has (1) no other adequate means to attain the relief desired and (2) a clear and indisputable right to the writ he seeks. In re Nwanze, 242 F.3d 521, 524 (3d Cir. 2001). Turney's benefits were suspended pursuant to 5 U.S.C. § 8148(b)(1). That statute explicitly prohibits payment of benefits to an individual incarcerated for a felony. Turney has not shown any right to their reinstatement.

V.

Turney's Bivens claims were without merit and he has not shown a right to a writ of mandamus. Accordingly, the District Court's dismissal of his complaint was correct. See Hughes, 242 F.3d at 121 n.1. As this appeal presents no substantial question, we will summarily affirm.